IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00300–PAB–KMT


LESLIE TAYLOR,
CAROLINE NICHOLE COOKE,
JACOB COOKE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado nonprofit organization,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, and
SUE BIRCH, in her official capacity as Executive director of the COLORADO DEPARTMENT
OF HEALTH CARE POLICY AND FINANCE,

      Defendants.

---

## ORDER

---

    This matter is before the court on Defendants' "Motion to Stay Discovery Pending this

Court's Ruling on the State's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss." (Doc. No. 14,

filed Apr. 26, 2012 [Mot. Stay].)  In light of the upcoming Scheduling Conference set for May

14, 2012, the court expedited briefing on this matter.  (*See* Minute Order, Doc. No. 16, filed Apr.

27, 2012.)  Accordingly, Plaintiffs filed their Response on May 4, 2012 (Doc. No. 17 (Resp.

Mot. Stay]) and Defendants filed their Reply on May 9, 2012 (Doc. No. 20 [Reply Mot. Stay]).

This matter is now ripe for the court's review and ruling.

In this case, Plaintiffs asserts claims pursuant to the Americans with Disabilities Act

(ADA) and Section 504 of the Rehabilitation Act alleging that Defendants discriminated against

Plaintiff Taylor on the basis of her disability in the operation of a non-emergent medical

transportation (NEWT) service.  In their Motion, Defendants seek to stay discovery in this action

until the district court rules on their "Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss" (Doc.

No. 11, filed Apr. 19, 2012 [Mot. Dismiss]).  In support of their proposed stay, Defendants point

to their Motion to Dismiss, which argues, in part, that the Eleventh Amendment strips the court

of subject-matter jurisdiction over all of Plaintiffs' claims against Defendant Colorado

Department of Health Care Policy and Financing (hereinafter "the Department"), as well as

Plaintiffs' claims for money damages against Defendant Birch in her official capacity as

Executive Director of the Colorado Department of Health Care Policy and Financing.[1]

Accordingly, Defendants maintain that a stay is appropriate because Eleventh Amendment

---

[1] In their Response, Plaintiffs maintain that Defendants did not advance any argument that they are entitled to immunity from Plaintiffs' claims under Section 504 of the Rehabilitation Act.  (Resp. Mot. Stay at 8.)  This is not true; Defendants' Motion to Dismiss moves to dismiss "*all* claims against the Department and *all* claims for money damages against [Defendant Birch]."  (Mot. Dismiss at 8) (emphasis added).  To be sure, Plaintiffs' Response to the Motion to Dismiss raises a well-found argument that Defendants have waived sovereign immunity under Section 504 (Defendants' opportunity to reply to this argument has not yet come).  (Resp. Mot. Dismiss at 4-6.)  Nevertheless, even assuming that Defendants' claim that they are immune from Plaintiffs' Section 504 claims is facially invalid—and therefore the protections inherent in Eleventh Amendment immunity discussed *infra* do not justify staying discovery as to these claims—Plaintiffs concede that their Section 504 claims "raise the same factual issues as her [sic] ADA claims" against the Department and Defendant Birch in her official capacity for money damages.  (Resp. Mot. Stay at 8.)  Therefore, in any event, discovery as to these claims should be stayed for same reasons as Plaintiffs' claims for injunctive and declaratory relief against Defendant Birch discussed *infra*.

immunity not only protects a state from liability, but also from suit, including the burdens of discovery.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

The Eleventh Amendment bars actions for damages against a state in federal court. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).  "Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit." *University of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) (citation omitted).  Eleventh Amendment state sovereign immunity applies to the state

itself and state entities, as well as "to state officials sued in their official capacities for

retrospective monetary relief." *Steadfast Ins. Co. v. Argic. Ins. Co.,* 507 F.3d 1250, 1253 (10th

Cir. 2007); *Brock v. Herbert*, 435 F. App'x 759, 763 (10th Cir. 2011) (unpublished) (citation

omitted).  Consequently, courts in this district have routinely held that a well-supported claim of

Eleventh Amendment immunity warrants a temporary stay of discovery until this threshold issue

can be resolved.  *See, e.g. Havens v. Johnson,* 09-cv-1380-MSK-MEH, 2012 WL 95265, at *2

(D. Colo. Jan. 12, 2012); *Am. Tradition Inst. v. Colorado,* 11-cv-859-WJM-KLM, 2011 WL

3705108, at *2-3 (D. Colo. Aug. 23, 2011).  *See also Moore v. Busby,* 92 F. App'x 699, 702

(10th Cir. 1995) (affirming trial court's stay of discovery pending resolution of absolute

immunity question).

      Plaintiffs assert a claim under the ADA against the Department, and appears to assert an

ADA claim for money damages against Defendant Birch in her official capacity.[2]  Consistent

with Defendants' arguments in their Motion to Dismiss, the court finds that these claims are

potentially barred by Eleventh Amendment immunity.  In light of the Tenth Circuit's guidance

---

[2] The precise nature of Plaintiffs' ADA claim is a subject of some dispute.  More specifically, in their response to Defendants' Motion to Dismiss, Plaintiffs assert that the "sole claim Plaintiffs seek to advance under the ADA is against Ms. Birch under the *Ex parte Young* doctrine." (Resp. Mot. Dismiss at 3.)  The court agrees with Defendants that Plaintiffs mis-characterize their Complaint.  Plaintiffs' ADA claim makes three explicit references to the Department. (Compl. ¶¶ 140, 145-46.)  Further, Plaintiffs' ADA claim does not explicitly reference Defendant Birch; rather, she is only incorporated into that claim by a several general references to "Defendants." (*See generally id.* ¶¶ 138-159.)  Finally, Plaintiffs' Complaint does not include any attempt to limit the ADA claim to injunctive and/or declaratory relief under the *Ex Parte Young* doctrine.  Rather, it includes only a general prayer for declaratory, injunctive, *and* money damages that is properly construed to apply to all of Plaintiffs' claims.  (*Id.* at 23-24.)

regarding the protections inherent in Eleventh Amendment immunity, the court concludes that a temporary stay of discovery is appropriate as to all of Plaintiffs' against the Department and Plaintiffs' claims for monetary damages against Defendant Birch in her official capacity.

Defendants acknowledge that they are not entitled to Eleventh Amendment immunity as to Plaintiffs' claims for prospective injunctive and declaratory relief against Defendant Birch in her official capacity.  (Mot. Stay at 5-6.)  However, Defendants maintain that a stay as to these claims is also appropriate (1) because the court, in its discretion, may stay discovery where resolution of a motion to dismiss may dispose of the entire action, and (2) because it likely would be impossible for the court to distinguish between discovery that is appropriately stayed pursuant to Defendants' assertion of  Eleventh Amendment immunity and discovery relating to Plaintiffs' remaining claims.  The court agrees.

First, the court notes that it may stay discovery where "resolution of a preliminary motion may dispose of the entire action."  *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Coors,* 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (citing *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003)).  Plaintiffs do not dispute that Defendants' Motion to Dismiss, if granted *in toto*, would dispose of this entire action.

More importantly, the court agrees that it would likely be impossible to parse between the discovery that is appropriately stayed pursuant to Defendants' assertion of Eleventh Amendment immunity and discovery related to Plaintiffs' remaining claims as to which no immunity has been asserted.  *See Havens,* 2012 WL 95265, at *3 (holding that all discovery should be stayed pending resolution of a qualified immunity defense because the claims subject

5

to an immunity defense were "sufficiently similar" to claims where no immunity defense was

asserted).  There can be no question that Plaintiffs' ADA claims for declaratory and injunctive

relief against Defendant Birch raise precisely the same factual issues as her ADA claims against

the Department and Defendant Birch in her official capacity for money damages.  Thus,

requiring Defendants to proceed with discovery on these remaining claims "would render

meaningless" the mandatory stay imposed pursuant to Defendants' assertion of Eleventh

Amendment immunity.  *Havens*, 2012 WL 95265, at *3. *See also Ashcroft v. Iqbal,* 556 U.S.

662, 685 ("It is quite likely that, when discovery as to the other parties proceeds, it would prove

necessary for [the parties asserting immunity] to participate in the [discovery] process to ensure

the case does not develop in a misleading or slanted way that causes prejudice to their positions.

Even if [they] are not themselves subject to discovery orders, then, they would not be free from

the burdens of discovery.")

Additionally, the court finds that the factors traditionally considered in this district do not

prompt a different result.  These factors include: (1) the interest of the plaintiff in proceeding

expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden

on the defendants of proceeding with discovery; (3) the convenience to the Court of staying

discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5)

the public interest in either staying or proceeding with discovery.  *String Cheese Incident*, 2006

WL 894955, at *2.

As to the first factor, the court acknowledges that Plaintiffs have a significant interest in

proceeding expeditiously on her claims; indeed, this interest is arguably heightened here, as

Plaintiffs maintain that the Defendants' alleged violations of the ADA and Section 504 of the Rehabilitation Act are ongoing.  (*See* Resp. at 5-6.)  However, the court finds that this interest is outweighed by the burden on Defendants if they were forced to proceed with discovery in spite of well-established precedent supporting a stay of discovery and other proceedings when a immunity defense has been raised.  *Vratil*, 96 F.3d at 1340; *Cf. Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)) (noting that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery.")

The third factor also weighs in favor of a stay.  Again, the court finds that it is obligated to at least partially stay discovery pursuant to Defendants' assertion of Eleventh Amendment immunity.  Proceeding with discovery as to Plaintiffs' remaining claims for injunctive and declaratory relief against Defendant Birch would promote a piecemeal disposition of this case. Moreover, the court finds that if discovery were indeed permitted as to Plaintiffs' remaining claims, it would undoubtedly be faced with irresolvable discovery disputes over whether Plaintiffs' future discovery requests violate the partial stay, or are instead permissibly targeted at the unstayed claims.  *Robillard v. Bd. of Cnty. Comm'rs of Weld Cnty.,* No. 11-cv-03180-PAB-KMT, 2012 WL 694507, at *3 (D. Colo. Mar. 1, 2012).  Such an approach would be unenviable and would waste scare judicial resources.

Finally, neither the interests of nonparties or the general public interest counsel a different outcome.  As to the latter factor, although the public interest is well-served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against a

public entity and its officials, the public also has an interest in ensuring that state entities and officials that may be immune from suit are not needlessly burdened with undue discovery.

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendants' "Motion to Stay Discovery Pending this Court's Ruling on the State's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss" (Doc. No. 14) is **GRANTED**.  All discovery in this matter is hereby **STAYED** pending ruling on "Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss" (Doc. No. 11).

It is further

**ORDERED** that the Scheduling Conference set for May 14, 2012 is **VACATED**.  The parties shall file a Status Report within five days of the District Court's ruling on Defendants' Motion to Dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 11th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge