IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00300-PAB-KMT

LESLIE TAYLOR,
CAROLINE NICHOLE COOKE,
JACOB COOKE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado nonprofit organization,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING and
SUE BIRCH, in her official capacity as Executive Director of the Colorado Department of Health Care Policy and Financing,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Motion for Reconsideration [Docket No. 40] filed by plaintiffs Leslie Taylor, Caroline Nichole Cooke, Jacob Cooke, and the Colorado Cross-Disability Coalition.  Plaintiffs request that the Court reconsider its February 25, 2013 Order [Docket No. 38] granting the motion to dismiss [Docket No. 29] filed by defendants the Colorado Department of Health Care Policy and Financing ("DHCPF") and Sue Birch, in her official capacity as Executive Director of DHCPF.

## I. STANDARD OF REVIEW

A motion to reconsider a court's judgment filed within twenty-eight days of the entry of judgment is treated as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59.  Fed. R. Civ. P. 59(e).  Relief under Rule 59 is warranted where a party can show "(1) an intervening change in the controlling law, (2) new

evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). New evidence can support a Rule 59 motion where the evidence is (1) newly discovered or (2) counsel made a diligent but unsuccessful attempt to discover the evidence before the court issued the challenged ruling. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation omitted). A decision or action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous." Black's Law Dictionary 582 (8th ed. 2004). A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The rule does not, however, afford a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id*.

Plaintiffs filed their motion to reconsider within twenty-eight days of the entry of judgment, *see* Docket Nos. 39 and 40, and thus it will be treated as a motion to alter or amend judgment pursuant to Rule 59. In resolving this motion, the Court may consider documents that are incorporated in plaintiffs' complaint by reference or that are subject to judicial notice, namely, the State Plan Under Title XIX of the Social Security Act: Medical Assistance Program ("State Plan") and the Transportation Rates & PAR Requirements. *See* Docket No. 22 at 15-16, ¶ 125; Docket Nos. 40-1 and 40-2.

## II. ANALYSIS

Plaintiffs seek relief under Rule 59 on the grounds that the Court misapprehended plaintiffs' allegations regarding DHCPF's system for providing non-

emergent medical transportation ("NEMT").  Docket No. 40 at 1-2; Docket No. 42 at 2.

Defendants counter that dismissal was proper and that, even if plaintiffs can establish

that the Court misapprehended the facts as alleged, the facts as clarified do not set

forth a claim for relief under Title II of the Americans with Disabilities ("ADA"), 42 U.S.C.

§ 12131 *et seq.*, or the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.  Docket No. 41 at 5-6.

In support of the argument that the Court misapprehended the nature of the

NEMT benefit provided by defendants, plaintiffs state that the "services [DHCPF] can

and will authorize for recipients living in areas not reached by the brokered service are

by no means restricted to mileage reimbursement. . . . Consistent with the State Plan, it

shows, for example, that [DHCPF] could authorize NEMT service by ambulance, by

taxi, or by wheelchair van" for Ms. Taylor.  Docket No. 40 at 4 (citing Docket Nos. 40-1

and 40-2).  Plaintiffs further state that, according to the fee schedule, the only method

of transportation reimbursed on a per-mile basis is when a vehicle is provided by a

volunteer "with no vested interest" or by a family member, neighbor, or the Medicaid

recipient "with [a] vested interest" and thus that the "fee schedule contemplates that <u>all</u>

aspects of the transportation will be paid for, including the driver."  Docket No. 40 at 5

(citing Docket No. 40-2 at 1) (emphasis in original).  Plaintiffs conclude that the

"package of services provided . . . is the transportation to the appointment, including a

driver, and not merely a limited per-mile reimbursement" and that Ms. Taylor is being

denied this package because "she requires wheelchair accessible transportation, she

cannot drive herself and the mileage reimbursement is not sufficient to pay for gas,

vehicle maintenance along with minimum wage for drivers" and because she is being

transmuted into an employer.  *Id*. at 5-6.

Plaintiffs rely on evidence that they did not previously submit and do not state that they diligently sought this evidence previously, but were unable to obtain it.  *See Monge*, 701 F.3d at 611.  Previously available evidence is not a valid basis for granting relief under Rule 59.  *See id*; *see also Servants of the Paraclete*, 204 F.3d at 1012.  Even considering this new evidence, however, plaintiffs' arguments are unavailing.

Plaintiffs argue that this case is distinguishable from *Alexander v. Choate*, 469 U.S. 287 (1985), and *Cohon ex rel. Bass v. New Mexico Dep't of Health*, 646 F.3d 717 (10th Cir. 2011), because Ms. Taylor is not arguing "that the transportation service fails to fully meet her needs" and is not "seeking a benefit that [DHCPF] provides to no one else" or asking for "something more than what the NEMT program provides."  Docket No. 40 at 14.  Plaintiffs' other arguments belie these assertions.  Although plaintiffs now contend that defendants can authorize a variety of modes of NEMT, the relief they request is that the Court order defendants to pay the Cookes for time spent driving Ms. Taylor to appointments, either through Colorado's Consumer Directed Attendant Support Services ("CDASS") program or by way of a larger NEMT per-mile reimbursement.  Docket No. 22 at 27-28, ¶¶ 3-4.  Plaintiffs recognize defendants' argument that the current per-mile reimbursement is intended to cover the costs of gasoline, vehicle maintenance, and a driver, *see* Docket No. 22 at 14-15, ¶ 121, but argue that:

> Defendants' analysis was and is factually wrong, in part, because Ms. Taylor's vehicle is a Cadillac Cetera, not a Volkswagen Jetta, and gas prices are currently more than a dollar a gallon higher than those [DHCPF] relied on, but even applying their analysis, it is highly unlikely that Ms. Taylor could

>pay for gasoline, maintenance, vehicle costs and depreciation on her vehicle, and pay an hourly wage, including appropriate tax withholdings, consistent with the state minimum wage law or the [Fair] Labor Standards Act.

Docket No. 40 at 6 n.7. Plaintiffs challenge DHCPF's calculation of the per-mile reimbursement because the allotted amount is "not sufficient [for Ms. Taylor] to pay for gas, vehicle maintenance along with minimum wage for drivers."[1] Docket No. 40 at 6. Plaintiffs do not argue that the use of a per-mile reimbursement is in itself discriminatory, but rather that the current rate of reimbursement is insufficient to meet Ms. Taylor's individual needs. *See id*. This is the argument that was rejected in *Choate* and *Cohon*. *See Choate*, 469 U.S. at 303 ("Section 504 does not require the State to alter [its] definition of the benefit being offered simply to meet the reality that the handicapped have greater medical needs."); *Cohon*, 646 F.3d at 726-27 ("Although Cohon argues that the $59,449 [individual budgetary allotment) is insufficient to meet her needs, she does not allege that it is insufficient to serve the interests of the

---

[1] Although, for purposes of its analysis, the Court accepts the premise that the per-mile reimbursement is not sufficient for Ms. Taylor, plaintiffs' calculations, *see* Docket No. 32, are not entirely persuasive. For example, a Medicaid recipient living in Cahone, Colorado would receive $75.11 for the 203 mile trip to Farmington, New Mexico and back (203 x $0.37/mile). According to Google Maps, it takes close to two hours to drive to Farmington from Cahone. As of January 1, 2014, the minimum wage in Colorado is $8.00 per hour. http://www.colorado.gov/cs/Satellite/CDLE-LaborLaws/CDLE/1248095305416. Thus, it would cost approximately $32.00 to pay an attendant for time spent driving to and from an appointment in Farmington. In light of plaintiff's allegation that, "[d]uring the non-emergent medical appointment trips, Plaintiff Taylor's attendants assisted her with care needs," Docket No. 22 at 10, ¶ 89, it appears that her assistants would be paid by CDASS for non-driving time. *See* 10 Colo. Code Regs. § 2505-10:8.489.30(Q). The average price for a gallon of regular-grade gasoline in Durango, Colorado on June 25, 2012 was $3.70. Docket No. 32 at 2, ¶ 4. Accordingly, the remaining $43.11 of the $75.11 payment would be sufficient to cover the cost of gas given that Ms. Taylor's car can travel eighteen miles to the gallon.

5

Medicaid population as a whole.  That she requires more money than the average developmentally disabled Mi Via Waiver participant is a matter of mathematical truth: for any average, some individuals will require more money than the average and some will require less.  That does not mean the average is discriminatory . . . .").  Since plaintiffs have not shown "the need to correct clear error or prevent manifest injustice," or satisfied the other conditions for obtaining relief under Rule 59, there is no basis for granting the motion for reconsideration.  *See Servants of the Paraclete v. Does*, 204 F.3d at 1012.

### III.  CONCLUSION

Wherefore, it is

**ORDERED** that the Motion for Reconsideration [Docket No. 40] filed by plaintiffs Leslie Taylor, Caroline Nichole Cooke, Jacob Cooke, and the Colorado Cross-Disability Coalition is DENIED.

DATED March 27, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge